**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARLON PENDLETON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 6648 |
| | ) | Judge James B. Zagel |
| **PAMELA FISH, CHICAGO POLICE DETECTIVE JACK STEWART, CHICAGO POLICE DETECTIVE STEVEN BARNES, and the CITY OF CHICAGO,** | ) ) ) ) ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

**PAMELA FISH'S MEMORANDUM IN SUPPORT OF HER 12(f) MOTION
TO STRIKE IMPERTINENT AND SCANDALOUS ALLEGATIONS
FROM PLAINTIFF'S COMPLAINT**

Pamela Fish ("Fish"), by and through her counsel, KULWIN, MASCIOPINTO & KULWIN, LLP, respectfully requests that this Court strike the impertinent and scandalous allegations in Paragraph 28 of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(f).

**I.   FACTUAL BACKGROUND**

On November 27, 2007 Plaintiff Marlon Pendleton ("Plaintiff") filed a complaint against Pamela Fish ("Fish"), Chicago Police Detective Jack Stewart, Chicago Police Detective Steven Barnes, and the City of Chicago asserting 28 U.S.C. § 1983, constitutional and state law claims ("Complaint"). Plaintiff specifically alleged that Fish, among other things, submitted "an incomplete and misleading report" to Plaintiff and his counsel, and as a result, caused Plaintiff to be convicted wrongfully. *See* Complaint ¶¶ 27-31.

To bolster the assertion that Fish caused Plaintiff's conviction through "false and misleading" conduct, Plaintiff cites three wholly separate lawsuits, two of which were or are currently the subject of civil litigation in this courthouse. In particular, Plaintiff alleges:

> 28.   Fish has a long history of preparing false and misleading reports and/or providing false and misleading testimony slanted to favor the prosecution. By way of example:
>
> i.   In *People v. Willis*, Fish prepared a false lab report in which she asserted that serological testing of a sample from a rape victim was "inconclusive," when, in fact, her serological test results *excluded* Mr. Willis as the source of the seminal material in the victim.
>
> ii.  In *People v. Ollins, et al.*, Fish testified that, as a result of serological testing she had performed, only one of four defendants was excluded as a possible source of seminal material recovered from the victim. In fact, contrary to her testimony, all four defendants accused of the rape were excluded by Fish's test results.
>
> iii  In *People v. Holland*, Fish reported in 1995 that there was insufficient material on the vaginal swabs for DNA testing. In 2002, the court ordered a form of PCR-based testing, which yielded complete DNA results and established that Mr. Holland was not the assailant and completely exonerated him.

*Id.* ¶ 28 (emphasis in original).[1]  Fish now moves to strike Paragraph 28 as impertinent and scandalous pursuant to Federal Rules of Civil Procedure 12(f).

## II.   PARAGRAPH 28 SHOULD BE STRICKEN UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)

### A.   Standard of Review under Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) authorizes courts to strike from a complaint any

---

[1]The *Willis* case was filed as *Willis, et al. v. Fish, et al.* in the Law Division of the Circuit Court of Cook County, No. 00 L 2231. The City of Chicago settled *Willis* without any admission of liability by Fish. The *Ollins* case was filed as *Ollins, et al. v. O'Brien, et al.* in the Northern District of Illinois. Fish was ultimately dismissed as a defendant. *Ollins,* No. 03 C 5795, 03 C 7175, 2005 WL 730987,*16 (N.D.Ill. Mar. 28, 2005). The *Holland* case was filed as *Holland v. City of Chicago, et al.* in the Northern District of Illinois, No. 05 C 3255, and is currently pending. Fish was never a named defendant in *Holland.*

matters that are immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 28(f). Allegations should be stricken as scandalous if they cause prejudice to the responding party. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654 (7th Cir.1992). The purpose of a Rule 12(f) motion to strike is "to save parties the time, effort, and expense of preparing to litigate an issue that will not affect the outcome of the case." *In re Schwinn Bicycle Co*., 184 B.R. 945, 950 (Bankr. N.D.Ill. 1995).

### B. Paragraph 28 Consists of Allegations That Have No Factual Basis, Are Impertinent and Highly Prejudicial, and Should be Stricken

Plaintiff cites three lawsuits in support of his conclusory assertion that "Fish has a long history of preparing false and misleading reports and/or providing false and misleading testimony slanted to favor the prosecution": *People v. Willis*, *People v. Ollins, et al.*, and *People v. Holland*. *See* Complaint ¶ 28. Plaintiff's conclusory assertion is prejudicial on its face, and moreover devoid of any factual basis. For this reason, it should be stricken under Rule 12(f).

The Seventh Circuit faced a scenario similar to the case at bar in *Talbot v. Robert Matthews Distrib. Co.* In *Talbot*, the plaintiffs alleged in their fraud count that the defendants, in order to further their fraudulent scheme, deliberately caused a salmonella outbreak that ultimately resulted in several deaths. 961 F.2d at 665. The Seventh Circuit held that these allegations were scandalous and "devoid of any factual basis." *Id.* The only "facts" the plaintiffs pled consisted of a rumor, a factual coincidence regarding the salmonella strain, and an inspector's report acknowledging the possibility of sabotage. *Id.* These "facts" simply failed to support the conclusory assertion that the defendants caused the salmonella to further their fraud. *Id.* Accordingly, the Seventh Circuit affirmed the district court's ruling to strike the allegations as scandalous under Rule 12(f). *Id.*

Similarly, in *Terrell v. Childers*, the plaintiffs, in their fraud claim against the defendant John Childers, cited the holding of another court in a wholly separate lawsuit filed by a wholly separate

3

plaintiff, Keith Hernandez. 889 F.Supp 311, 315 (N.D.Ill. 1995). The other court had held that Hernandez had alleged a triable claim for fraud against John Childers and a company, Talent Service, Inc. *Id.* The plaintiffs in *Terrell* argued that their citation of another lawsuit supported their assertion that John Childers had engaged in an ongoing fraudulent scheme. *Id.* The court however disagreed:

> Absent a ruling for Hernandez *on the merits* (or *proof of the merits* of Hernandez' [sic] claim in the present lawsuit), the Hernandez action is of limited relevance. Furthermore, it is highly prejudicial, in that it might suggest to a jury that defendants actually perpetrated a fraud against Hernandez. Given these considerations, we agree with defendants that [the paragraph containing the allegation] is improper, and therefore grant their motion to strike that paragraph.

*Id.* (emphasis added).

In the case at bar, neither the Illinois trial courts nor the Illinois appellate courts in *People v. Willis*, *People v. Ollins, et al.*, or *People v. Holland* issued rulings that Fish engaged in any misconduct, much less held that she deliberately prepared a false lab report or falsely testified under oath. Moreover, in each civil suit that was later filed by the defendants in connection with each criminal case, there has been no finding of any liability against Fish: the City of Chicago settled *Willis, et al. v. Fish, et al.* without any admission of liability from Fish; Fish was dismissed as a defendant in *Ollins, et al. v. O'Brien*; and Fish was not even a named party in *Holland v. City of Chicago, et al. See supra* p.2 n.1. It is therefore impossible for Plaintiff to claim that these disparate and unrelated suits constitute a factual basis for the conclusory assertion that "Fish has a long history of preparing false and misleading reports and/or providing false and misleading testimony slanted to favor the prosecution." *See Talbot,* 961 F.2d at 665. The suits cited in the Complaint are therefore of "limited relevance," if any. *See Terrell*, 889 F.Supp at 315. Furthermore, as the court noted in *Terrell*, the allegations are highly prejudicial because they might suggest to a jury that Fish actually

did engage in the "false and misleading" conduct alleged therein. *See id.* For these reasons, the allegations in Paragraph 28 are improper as matter of law and the Court should strike them under Rule 12(f). *See Talbot, supra*; *Terrell, supra*.

Additionally, the assertion that Fish would deliberately submit false and misleading reports "slanted to favor the prosecution" is inflammatory on its face, especially in light of the fact that Plaintiff has failed to offer a single legitimate fact in support of this assertion. In *Bd. of Educ. of Thornton Tp. High School Dist. 205 v. Bd. of Educ. of Argo Cmty.*, the plaintiffs alleged in their discrimination claim that the defendants engaged in "white flight" and "erected a racial Mason-Dixon line." No. 06 C 2005, 2006 WL 1896068, at *1 (N.D.Ill. July 10, 2006). The plaintiffs offered no factual basis in support of these inflammatory phrases. *Id.* at *2. As a result, the court found that the allegations were impertinent, constituted "inappropriate hyperbole and must therefore be stricken." *Id.* Here, the assertion that Fish has a history of lying in any criminal matter for the purpose of "favoring" the prosecution, and therefore caused Plaintiff's conviction and incarceration, is a clear example of impertinent, "inappropriate hyperbole," especially given that Plaintiff has failed to set forth any factual basis for his conclusory assertion. *See id.* Therefore, the allegations should be stricken under Rule 12(f).

Paragraph 28 is prejudicial for yet another reason: the inclusion of all three cases in the present suit would be confusing and complex, and place an undue burden on Fish. *Burke v. Chicago School Reform Bd. of Trs.*, 169 F.Supp.2d 843, 846 (N.D.Ill. 2001) ("Prejudice results when the matter complained of has the effect of confusing the issue or where it is so lengthy and complex that it places an undue burden on the responding party"). To defend herself against Plaintiff's assertions that she prepared any false lab report or falsely testified under oath, Fish must delve into the merits

of each criminal and corresponding civil suit relating to *People v. Willis*, *People v. Ollins, et al.*, and *People v. Holland.* In other words, Fish will be forced to litigate multiple suits – all of which have been previously and extensively litigated already – before this Court to simply defend herself against the allegations here; i.e., depose all of the witnesses from these separate cases, hire experts relating to the allegations in these cases, and subpoena and review extensive documents related to these allegations. Certainly, this additional litigation would contravene the purpose of Rule 12(f) "to save parties the time, effort, and expense of preparing to litigate an issue that will not affect the outcome of the case," particularly when none of these cases have anything to do with Plaintiff. *Schwinn,* 184 B.R. at 950.

Moreover, the litigation of all three lawsuits would confuse the jury with legal and factual questions related to only those lawsuits and wholly unrelated to Plaintiff's present claims for relief. As a result, the increased litigation resulting from the three lawsuits would prejudice Fish and additionally burden the Court, its judicial resources and the parties with, among other things, additional pleading, discovery, and evidentiary matters.[2] *See Porter v. Int'l Bus. Machs. Corp.,* 21 F.Supp.2d 829, 832 (N.D. Ill. 1998) (allegations referring to past incidents that consisted of irrelevant accusations that would unfairly cause prejudice to defendant and had no bearing on

---

[2] Plaintiff no doubt incorporated these suits into his Complaint to introduce uncorroborated allegations of prior bad acts for the purpose of prejudicing the jury in his favor. The evidence relating to these allegations – which Fish must defend herself against – would be expressly excluded by Federal Rule of Evidence 403. *See* Fed. R. Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). Specifically, the incorporation of the three suits into the present litigation will result in Plaintiff's introduction of evidence on every legal and factual issue related to each suit, at which point Fish must present additional evidence to defend herself. As described above, this cumulative evidence would mislead and confuse the jury, has absolutely no bearing on the merits of the present litigation, and would delay proceedings and waste the Court's and parties' time.

present claims for relief are properly stricken). Accordingly, Paragraph 28 should be stricken.

## III. CONCLUSION

For the foregoing reasons, Defendant Pamela Fish respectfully requests that this Court strike the impertinent and prejudicial allegations set forth in Paragraph 28 of Plaintiff's complaint and award any other relief this Court deems appropriate.

    Respectfully submitted,

    /s/ Shelly B. Kulwin

    One of the attorneys for Defendant Pamela Fish

Shelly B. Kulwin
Anthony J. Masciopinto
Jeffrey R. Kulwin
Kristine Chung
KULWIN, MASCIOPINTO & KULWIN, LLP
161 North Clark, Suite 2500
Chicago, Illinois 60601
312/641-0300