IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARLON PENDLETON,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 6648 |
| | ) | Judge James B. Zagel |
| **PAMELA FISH, et al.** | ) | Magistrate Judge Morton Denlow |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES**

Defendant, Pamela Fish(Fish) by and through her attorneys, KULWIN, MASCIOPINTO & KULWIN, LLP, pursuant to Federal Rule of Civil Procedure 15, respectfully seeks leave to amend her affirmative defenses, and in support thereof states as follows:

1. On February 29, 2008, Fish filed her Answer and Affirmative Defenses in response to Plaintiff's complaint ("Complaint").

2. Fish now seeks to amend her affirmative defenses by adding the following affirmative defense:

**AFFIRMATIVE DEFENSE VI**

Fish is entitled to absolute immunity to all of the alleged claims asserted against her in the Complaint.

3. A copy of Fish's proposed Amended Affirmative Defenses is attached hereto as Exhibit A.

4. Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave for a plaintiff to amend a pleading and such leave shall be freely given where justice requires. Fed. R. Civ. P. 15(a). Indeed, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n,* 377 F.3d 682, 687 (7th Cir. 2004).

  5. Here, the parties have only exchanged Rule 26(a) disclosures thus far and otherwise have not conducted any formal discovery. Moreover Fish is seeking to amend her affirmative defenses only eight weeks after filing her original Answer and Affirmative Defenses. In other words, there is neither undue delay, bad faith or dilatory motive on Fish's part nor any "repeated failure to cure deficiencies by amendments previously allowed," undue prejudice to Plaintiff, or futility of amendment. Accordingly, Fish's motion for leave to amend her affirmative defenses should be granted.

  6. Given the allegations of the Complaint as Fish understands them, Fish is entitled to absolute immunity from all, or at a minimum, most of her alleged actions as set forth in the Complaint and on which Plaintiff bases his claims. Accordingly, the interest of justice warrants granting this motion.

  WHEREFORE, Defendant Pamela Fish respectfully requests this Court to grant her leave to amend her affirmative defenses in this matter.

              Respectfully submitted,

              /s/ Shelly B. Kulwin

              One of the attorneys for Defendant Pamela Fish

Shelly B. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark St., Ste. 2500 /Chicago, IL 60601
312/641-0300